:STATE, WILLIAM SEMON, PROSECUTOR, v. THE INHABIT-ANTS OF THE CITY OF TRENTON.

1. Where the tribunal acting in the comdemnation of lands for public use is special, everything necessary to give validity to its action must appear in the report of the proceedings.

2. The charter of the city of Trenton directs the common council to designate a time and place for the meeting of the board of assessors, for the purpose of viewing the lands and to make an assessment of damages and benefits. *Held*, that what notice was given, and what manner of publication was adopted, must appear by the report.

3. The direction in the charter that the report of the board of assessors be completed and filed with the city clerk within a limited time is mandatory, and the board is bound to make the assessment and return it within the statutory period.

On *certiorari* to review the proceedings taken in the opening of Sweets avenue, in the city of Trenton.

Argued at June Term, 1885, before Justices KNAPP and REED.

For the prosecutor, *G. W. Macpherson.*

For the defendant, *G. D. W. Vroom.*

The opinion of the court was delivered by

KNAPP, J. Under this writ the prosecutor draws in question the validity of proceedings on the condemnation of his lands in opening a street in the city of Trenton.

The first objection is that in several particulars the city

failed to·observe the provisions of the eighty-first section of the·
"Act to provide for the more efficient government of the city
of Trenton." *Pamph. L.* 1874, *p.* 372. If, under the terms·
of the charter, the city is unable·to agree with the owner of
lands needed for a public street for their purchase, application·
is to be made by the common council to the "board of
assessors" to value the lands and damages, and assess the
sum of these upon lands and real estate specially benefited by·
the proposed street opening. The section referred to requires·
that "the common council shall designate a time and place for·
the meeting of the said "board of assessors," of which time·
and place the city clerk shall give notice by advertisement in
not less than two newspapers published and circulated in said
city, at least ten days before the time of meeting. It is made·
the duty of the board of assessors to meet at the time and
place appointed, to proceed to view the lands and make a just
and true estimate and assessment, and report their proceedings·
to the common council, which report shall be in writing, and
filed within thirty days after their first meeting.

The first error in procedure alleged that the common·
council having appointed the 25th day of July, 1883, at
the city hall, as the time and place for the assessors to meet,
no notice was given by the clerk of such meeting, and no
meeting was then held. The report, though dated at a much
later day, shows that the assessors did meet at the time and
place appointed; and no proof having been taken to show
the fact to be otherwise, it must be accepted as true. The·
report also states that the city clerk "gave due notice by
advertisement according to law" of the time and place of such
meeting. What notice was given, and what manner of pub-
lication was adopted, does not otherwise appear. This should
have appeared in·the report. The tribunal here acting in the·
condemnation of lands for public use was special,·and every-
thing necessary ·to give validity to its action should appear
in the report of its proceedings. *State* v. *Jersey City*, 1
*Dutcher* 309.

The ·second objection is that the board of assessors delayed

action beyond the time limited in the charter for the completion of their work, and consequently failed to file their report within thirty days after their first meeting, as the charter requires.

The report of the assessors bears date December 31st, 1883, more than five months after the time appointed for their first meeting. This delay is not accounted for. It does not appear that their proceedings were continued by adjournments, and there is no evidence that subsequent meetings were advertised, or that any notice was given of them. They might adjourn from time to time after their first meeting held pursuant to appointment and notice, within the thirty days. But after the expiration of the statutory time they could not appoint meetings or change that made by the common council. It was held in State v. Jersey City, under charter provisions like those of Trenton, that the common council must fix the time of meeting, and could not delegate that duty to the city clerk; certainly the assessors, without delegation, could not assume the authority.

But it is said that the requirement of the charter that the report be completed and filed with the city clerk within a limited time, is mere direction, in which the land-owner can have no interest or concern. But I think it is mandatory, and under the rule which requires rigid adhesion to provisions in legislation conferring upon subordinate bodies power to condemn lands for public use, they were bound to make their assessment, and return it within the statutory period. The land-owner is interested in every step in such a procedure. He has the right to inspect the report as soon as it is promulgated, and he may assume that it will be filed, if at all, as the statute directs. He has no other means of knowing when it will be open for his inspection, and he is not required to be waiting and watching for an indefinite period.

The law requires the report to be before the common council at their meeting held next after the time of filing, and that body is given four months from the time the report comes

to them to decide whether they will take and pay for the lands or abandon the improvement scheme, and it is in the interest of the land-owner that these provisions of law shall be observed.

We think the defects existing in these proceedings are sufficient to defeat them. and they should be set aside, with costs.